**ONG BUILDING CORPORATION, Respondent,**

v.

**GMAC MORTGAGE CORPORATION OF PENNSYLVANIA, Appellant.**

**No. WD 46280.**

Missouri Court of Appeals, Western District.

April 6, 1993.

William P. Whitaker, Kansas City, for appellant.

John M. Lilla, Kansas City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

GMAC Mortgage Corporation of Pennsylvania, appeals the trial court's judgment, following a bench trial, that GMAC pay $12,555 to Ong Building Corporation as a penalty for failing to deliver a deed of release within the statutory deadline. Ong was the broker in the sale of property for which GMAC was the mortgagee and had sought the deed of release on behalf of the property's seller. GMAC contends that the statute's deadline did not apply to Ong because it was only a broker and not a party to the transaction, and, even if it did, it should be excused from the statute's penalty because Ong had not asked for a deed of release, but for "canceled papers." We agree that Ong was not the "party aggrieved" as required by § 443.130 [1] and, therefore, was not qualified for the penalty awarded by the trial court.

The dispute arose after Rose and Deborah Kemp sold residential property at 12422 Wornall Road in Kansas City to Kendall and Helen Sheppard. Ong was the

---

1. This and all other references to statutes refer to the Revised Statutes of Missouri of 1986.

broker. On April 22, 1987, after closing, Ong sent a check for $125,945 to GMAC in full satisfaction of the mortgage against the property, and it requested GMAC to return "canceled papers" to Ong's office for delivery to the Sheppards. GMAC received the check and advised on April 24, 1987, that "[s]atisfaction of record/full reconveyance will be processed by our satisfaction department." GMAC did not deliver a deed of release until August 14, 1987.

Section 443.060.1 requires a mortgagee, when it has received "full satisfaction of any security instrument, ... at the request and cost of the person making the same, [to] deliver to such person a sufficient deed of release of the security instrument[.]" Section 443.130 is an enforcement mechanism for § 443.060. It states:

> If [a mortgagee] ... receiving satisfaction, do[es] not, within thirty days after request and tender of costs ... deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten percent upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction.

The purpose of § 443.130 is to "enforce the duty of the mortgagee to clear the title of the mortgagor, so that it [is] apparent upon examination that the incumbrance of record no longer exist[s]." *Henry v. Orear* 104 Mo.App. 570, 78 S.W. 283, 284 (Mo.App.1904). Ong claims that it was the "party aggrieved." We disagree.

The courts have not construed "party aggrieved" as used in this statute. The term, however, is not unusual in Missouri statutes. A typical use is in § 512.020 which provides that any party to a civil action which is "aggrieved" may appeal from a final judgment. Construing § 512.-020, this court's Eastern District concluded that an aggrieved party was one who suffered an infringement or denial of legal rights. *Farrell v. DeClue*, 382 S.W.2d 462, 466 (Mo.App.1964). In the same context, this court stated:

In order for a party to be aggrieved his substantial interest must be directly affected. The judgment must act directly on his rights and they must not merely be collaterally or incidentally involved.

"The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question." 3 C.J. p. 625[.]

. . . .

In *Brown v. Frenken*, [112 S.W. 207, 208 (Ark.1908)], the court said, quoting from a Massachusetts case: "A party aggrieved is one whose pecuniary interest is directly affected by the decree or one whose right of property may be established or divested by the decree."

*American Petroleum Exchange v. Public Service Commission*, 238 Mo.App. 92, 176 S.W.2d 533, 534–35 (1943). This definition of an aggrieved party comports with the nature of § 443.130 which is penal in nature and, therefore, must be strictly construed. *Perrin v. Johnson*, 124 S.W.2d 551, 555 (Mo.App.1939).

We conclude that the General Assembly intended that "party aggrieved" be construed in the same sense in § 443.130. Ong did not have a direct, substantial pecuniary interest in the property. As the broker, it had no personal interest in the transaction other than its right to collect the agreed-to remuneration for its services. It did not have any right or title in the property. The sale proceeds had already been disbursed. The Sheppards had already moved into the residence. Asked at trial to explain why he believed that Ong was aggrieved, Ong's president expressed fear that the Shepherds would think Ong was "a crook" and a "rinky-dink builder." This does not establish an immediate, substantial, pecuniary interest.

Ong was not an aggrieved party and was not eligible for the penalty authorized by

**56**

§ 443.130. We, therefore, reverse the trial court's judgment.