**Lloyd D. MARTIN and C. Jayne Martin, Respondents,**

v.

**STM MORTGAGE COMPANY, Appellant.**

**No. WD 49999.**

Missouri Court of Appeals, Western District.

April 25, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1995.

Alan E. South, Kansas City, for appellant.

Kenneth C. Jones, Overland Park, KS, for respondents.

Before KENNEDY, P.J., and LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

The defendant, STM Mortgage Company, appeals the trial court's judgment awarding the plaintiffs a statutory penalty pursuant to § 443.130, RSMo 1986, for defendant's failure to release a deed of trust within thirty days following payment and a request by the plaintiffs.

In August 1987, plaintiffs executed a promissory note to Corinthian Mortgage Corporation in the amount of $71,500. The repayment of the note was secured by a deed of trust on the plaintiffs' real property located in Clay County. STM Mortgage later acquired the promissory note and deed of trust.

In May 1993, the plaintiffs requested a payoff statement, which STM Mortgage issued on May 24, 1993. The statement explained that a total of $55,767.87 was due for payment in full, and included principal, interest and a recording fee. The statement further warned that only certified funds would be accepted for payoff.

On May 25, 1993, plaintiffs tendered an uncertified check in the full amount which

was payable from Chicago Title Insurance Company's disbursement account. Accompanying the check was a letter purporting to be a request for the release of the deed of trust. The check was accepted by STM Mortgage and was paid in the ordinary course of business. However, the release was not immediately forthcoming.

On July 9, 1993, the plaintiffs, through counsel, sent a demand letter to STM Mortgage advising that since a release had not been provided within thirty days of their May 25, 1993 request, the plaintiffs were entitled, under § 443.130, RSMo 1986, to receive a penalty in the amount of $7150 from STM Mortgage. On July 16, 1993, STM Mortgage recorded a deed of release. Plaintiffs filed suit in Platte County for collection of the penalty. The case was tried to the court on stipulated facts. The trial court awarded the plaintiffs $7150. STM Mortgage appeals.

Section 443.060, RSMo Supp.1993, gives rise to a mortgagee's duty to provide a deed of release upon full payment of the underlying debt. It states in relevant part:

> 1. If any mortgagee, cestui que trust or assignee . . . receive full satisfaction of any security instrument, he shall, at the request and cost of the person making the same, deliver to such person a sufficient deed of release of the security instrument. . . .

Should the mortgagee or assignee fail to satisfy this duty, § 443.130, RSMo 1986, provides for a ten percent penalty to be forfeited to the mortgagor who has paid the debt. That section states:

> If any such person, thus receiving satisfaction, do not, within thirty days after request and tender of costs, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten percent upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction.

In its first point, STM Mortgage argues that it did not fail to provide a deed of release within thirty days of payment and request because the May 25, 1993 letter accompanying the uncertified check did not constitute a "request" as contemplated by the above sections.

> A demand or request to the mortgagee to enter satisfaction of the mortgage is a condition precedent to the right to sue for the statutory penalty. No particular form of words is necessary for this demand; it is sufficient if it informs the mortgagee with reasonable certainty that an entry of satisfaction of the particular mortgage is requested.

59 C.J.S. *Mortgages* § 474c (1949) (footnotes omitted). STM Mortgage claims that the letter contained nothing more than a recitation of § 443.130. However, the letter also states, "Please mail release papers to: Lloyd Martin," followed by his address and phone number. The May 25, 1993 letter sufficiently informed STM Mortgage that the plaintiffs were requesting a release and, therefore, was a request for release as contemplated by the above sections.

In its second point, STM Mortgage claims that the May 25, 1993 letter did not operate as a request so as to invoke the penalty contained in § 443.130 because it was premature. STM Mortgage argues that according to § 400.3–310(b)(1), RSMo Supp.1993, the tender of the uncertified check only suspended the obligation on the mortgage, and that the mortgage was not satisfied until the check was actually paid by the bank in the regular course of business. STM Mortgage claims that the first line of § 443.130, which states that any person "thus receiving satisfaction," requires that the mortgage be satisfied before the request for release is made. Therefore, the argument continues, since the mortgage obligation was only suspended and not satisfied when the original request was sent, it was premature and invalid.

Section 443.130 is a penalty statute and, therefore, must be strictly construed. *Perrin v. Johnson,* 124 S.W.2d 551, 555 (Mo. App.1939). While we agree with STM Mortgage that the thirty days should not begin to run until all the requirements of the statute

have been met, we do not believe that a request which is made simultaneously with the tender of an uncertified check in an amount which would fully satisfy the mortgage is premature. Therefore, the request was valid and timely, and the thirty days started running when the uncertified check was paid by the bank upon which it was drawn.

■ The problem in this case is that the plaintiffs failed to prove when the uncertified check was paid. In order to recover the ten percent penalty authorized by § 443.130, the petition should state facts which will authorize the infliction of the penalty and bring the party charged within the letter of its terms. *Kingston v. Newell,* 125 Mo.App. 389, 102 S.W. 604, 604–05 (1907). Specifically, the petition should show:

> plaintiff's title to maintain the action, and should describe the mortgage and show the relation of the parties to be that of mortgagor and mortgagee, and should aver distinctly the payment of the debt secured or other full performance of the conditions of the mortgage, and the demand for entry of satisfaction and refusal thereof, and that the expenses of filing and recording such release were paid or tendered to the holder of the mortgage.

59 C.J.S. *Mortgages* § 474g (1949); *see also Kingston,* 102 S.W. at 604 (plaintiff failed to plead the amount of the mortgage).

■ In this case, the plaintiffs failed to plead or prove the date of satisfaction. While the petition did allege the date that the uncertified check was tendered and accepted by STM Mortgage, and alleged that the check was paid in the ordinary course of business, the stipulated evidence failed to include the date upon which the check was paid and the debt satisfied. Without that date, it is impossible to determine whether STM Mortgage exceeded the thirty-day time limit. In all likelihood, given the strict deadlines for the banking industry contained in the Uniform Commercial Code, the check was paid within days of its deposit and STM Mortgage violated the statute. However, the plaintiffs had the burden of proving the date of payment and failed to do so.

Therefore, the plaintiffs having failed to prove the date of satisfaction, the trial court erred in assessing the penalty against STM Mortgage. Judgment reversed.

All concur.