**Beverly LINES, Plaintiff–Appellant,**

v.

**MERCANTILE BANK, N.A., f/k/a Mercantile Bank of South Central Missouri, Defendant–Respondent.**

**No. 23886.**

Missouri Court of Appeals,
Southern District,
Division One.

March 29, 2002.

Thomas W. Millington, Millington, Glass & Walters, Springfield, MO, for appellant.

John L. Mullen, Franke & Schultz, P.C., Kansas City, MO, for respondent.

JOHN E. PARRISH, Judge.

On September 26, 2001, this court issued an opinion in this cause. On November 26, 2001, by order of the Supreme Court of Missouri, this cause was transferred to that court. On March 19, 2002, the Supreme Court entered an order retransferring the cause to this court. The original opinion of this court, which follows, is now readopted and reissued.

■■■ Beverly Lines and Laurence E. Lines brought an action against Mercantile Bank, N.A., (Mercantile) for statutory damages pursuant to § 443.130.[1] Summary judgment was entered for Mercantile. Mrs. Lines appeals.[2] This court affirms.[3]

A summary judgment is reviewed in the same manner as a court-tried or equity case and must be affirmed if, as a matter of law, the judgment is sustainable on any theory. *State ex rel. Boshers v. Dotson,* 879 S.W.2d [730] at 731 [Mo. App. 1994]. We review the record in the light most favorable to the party against whom the judgment was entered and accord that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d [371] at 376 [Mo. banc 1993]. In making our review, which is essentially *de novo,* we employ the same criteria in testing the summary judgment as those which the trial court is to employ. *Id.* The question of whether a summary judgment is proper is purely an issue of law founded on the record submitted. *Id.*

*Boshers v. Humane Soc. of Missouri, Inc.,* 929 S.W.2d 250, 253 (Mo.App.1996).

Mr. and Mrs. Lines were parties to an earlier action against Mercantile for declaratory judgment regarding various notes and security instruments. The earlier suit was settled by means of a written "Settlement and Mutual Release Agreement" executed by Mr. and Mrs. Lines and others, their attorney, and Mercantile and its attorneys. The agreement recites that the parties desired to settle the earlier suit "and all other disputes and claims related thereto." The parties to the agreement agreed "to dismiss with prejudice all claims and counterclaims pending in the Lawsuit." Mercantile released the other parties from all claims of indebtedness. It agreed "upon request" to "execute appropriate releases of any security instruments to the extent that such security instruments secure any of the Obligations."

The settlement agreement recites that it was "made and entered into" on the 30th day of November 1999. The designation "30th" is handwritten in a lined space provided for that purpose. A stipulation to dismiss the lawsuit that was the subject of the settlement agreement was filed in the

---

1. References to statutes are to RSMo Cum. Supp.1999, unless stated otherwise.

2. Mr. Lines died before the trial court ruled on the summary judgment motion. This court dismissed him from the appeal by reason of the suggestion of his death.

3. Mrs. Lines' brief was filed four days later than required by Rule 84.05(a). In the argument portion of Mercantile's brief, Mercantile asks this court to dismiss the appeal for Mrs. Lines' failure to comply with that rule. This court declines. *See Bell v. Garcia,* 639 S.W.2d 185, 189 (Mo.App.1982).

court in which it was pending December 13, 1999. The record on appeal includes a letter from the trial judge that states a "dismissal was signed" December 14, 1999.

Laurence E. Lines sent a letter dated December 2, 1999, to Mercantile demanding release of a deed of trust on certain real estate.[4] A check in the amount of $27 was enclosed with the letter "representing tender of costs associated with recording of the appropriate deed of release." The letter was as follows:

LAURENCE E. LINES
BEVERLY J. LINES
1667 Cobblestone Court
Springfield, Missouri 65809
(417) 883–3148
December 2, 1999

*VIA CERTIFIED MAIL. RETURN RECEIPT REQUESTED*

Mercantile Bank, N. A.
f/k/a Mercantile Bank of South Central Missouri
417   St. Louis Street
P.O. Box 50660
Springfield, MO 65805

Re:  Release of Deed of Trust

Dear Sir or Madam:

Mercantile Bank was previously owed a sum of money evidenced by one or more promissory notes and which was secured by a deed of trust recorded at Book 2308, Page 1367 in the office of the Recorder of Deeds of Greene County, Missouri, encumbering the following described real property, to wit:

ALL OF LOT ELEVEN (11), CHAPEL HILL SUBDIVISION, A SUBDIVISION IN GREENE COUNTY, MISSOURI, ACCORDING TO THE RECORDED PLAT THEREOF.

This property is commonly referred to as 1667 Cobblestone, Springfield, Missouri.

By the terms of the "Settlement and Mutual Release Agreement" under date of November 30, 1999, the indebtedness for which the aforementioned deed of trust was given to secure has been satisfied. A copy of the Settlement and Mutual Release Agreement whereby all obligations of your mortgagors were released is enclosed herein for your reference.

Also enclosed is our personal check in the amount of $27.00 representing tender of costs associated with recording of the appropriate deed of release.

Demand is hereby made for Mercantile to proceed appropriately to effect release of the aforementioned deed of trust.

Sincerely,

/s/ Laurence E. Lines

Laurence E. Lines

The lawsuit that is the subject of this appeal was filed December 28, 1999. The petition alleges that "[o]n or prior to the 30th day of November, 1999, [Laurence E. Lines and Beverly Lines] and [Mercantile] ... effected a settlement of pending litigation ... whereby [Mercantile] released [Laurence E. Lines and Beverly Lines] of any and all obligations of outstanding indebtedness including indebtedness theretofore claimed by [Mercantile] as being secured by a deed of trust recorded in Book 2308, Page 1367, in the office of the Recorder of Deeds of Greene County, Missouri, affecting title to real estate owned by [Laurence E. Lines and Beverly Lines]." It alleges that Laurence E. Lines

---

4.  Copies of a "Receipt for Certified Mail" and a return receipt form are included in the legal file. This court cannot decipher the date stamped on the receipt other than the month "DEC." The return receipt form is addressed to Mercantile. It reflects a delivery date of "12/3/99."

and Beverly Lines "[u]pon failure of [Mercantile] to effect release of the deed of trust, . . . made demand, in writing, for release of the deed of trust, pursuant to Section 443.130 R.S.Mo. and submitted such demand by certified mail, return receipt requested." The petition claims Mercantile failed and refused to effect recording of an appropriate deed of release and refused to deliver to Mr. and Mrs. Lines a sufficient deed of release within 15 days following delivery of their demand. It asserts the deed of trust had been given to secure indebtedness of $327,181. It sought damages of 10% of that amount, together with interest and attorney fees.

■ Mrs. Lines presents one point on appeal. She contends the trial court erred in granting Mercantile's motion for summary judgment because Mercantile's obligation to release the deed of trust was enforceable after November 30, 1999; that Mercantile failed to provide a deed of release within the time prescribed by § 443.130.

Section 443.130 states:

1. If any such person, thus receiving satisfaction, does not, within fifteen business days after request and tender of costs, deliver to the person making satisfaction a sufficient deed of release, such person shall forfeit to the party aggrieved ten percent upon the amount of the security instrument, absolutely, and any other damages such person may be able to prove such person has sustained, to be recovered in any court of competent jurisdiction. A business day is any day except Saturday, Sunday and legal holidays.

2. To qualify under this section, the mortgagor shall provide the request in the form of a demand letter to the mortgagee, cestui qui trust, or assignee by certified mail, return receipt requested. The letter shall include good and suffi-

cient evidence that the debt secured by the deed of trust was satisfied with good funds, and the expense of filing and recording the release was advanced.

3. In any action against such person who fails to release the lien as provided in subsection 1 of this section, the plaintiff, or his attorney, shall prove at trial that plaintiff notified the holder of the note by certified mail, return receipt requested.

Mrs. Lines contends that Mercantile failed to perform its "concomitant obligation" to release the deed of trust after it received the "demand letter which was accompanied with proof of satisfaction, and advancement of recording costs, thereby satisfying all elements of a claim for statutory damages provided by section 443.130, R.S.Mo." Mercantile responds by arguing that the trial court did not err in granting its motion for summary judgment for numerous reasons, one of which was that the "demand letter" on which Mrs. Lines relies was not sufficient to invoke the statutory forfeiture imposed by § 443.130.1.

Mercantile argues that nothing in the December 2, 1999, letter referenced § 443.130; that the letter did not "put Mercantile on proper notice that a *statutory* demand for a deed of release [was] being made." Mercantile contends, "The letter does not request a deed of release within '15 business days,' as the statute states. On the contrary, Laurence Lines only [made] demand 'for Mercantile to proceed *appropriately* to effect release of the aforementioned deed of trust.' " This court agrees.

The December 2, 1999, letter states the debt the deed of trust secured had been satisfied "[b]y the terms of the 'Settlement and Mutual Release Agreement.' " A copy of the settlement agreement was enclosed for Mercantile's "reference." It required

Mercantile, upon request, to "execute appropriate releases of any security instruments to the extent that such security instruments secure any of the Obligations."[5] This court holds, under these facts, the terms of the settlement agreement were infused and made part of the request that Mercantile "effect release of the . . . deed of trust."

The December 2, 1999, letter's request "for Mercantile to proceed appropriately to effect release of the . . . deed of trust" did not invoke the penalty permitted by § 443.130.1. The settlement agreement required execution of appropriate releases of security instruments for debts the terms of the agreement deemed to have been satisfied. The December 2, 1999, letter on which Mrs. Lines relies requests nothing more than compliance with the agreement. The record on appeal supports the trial court's determination that this occurred.

The dissent identifies remedies that were available for enforcement of the settlement agreement. It posits that the settlement agreement disclosed no intent to limit the Lines in their choice of remedy if Mercantile breached the agreement. It suggests "that § 443.130.1 remained viable as a remedy." This opinion does not hold otherwise. This opinion holds only that the letter to Mercantile did not invoke the remedy afforded by § 443.130.1. The letter to Mercantile incorporated the settlement agreement, including its provision for release of the deed of trust, and under these

facts did not invoke the provisions of § 443.130.

Mercantile asserted other issues in defense of the summary judgment.[6] They require no discussion for purposes of determining this appeal. The judgment is affirmed.

GARRISON, J., concurs.

SHRUM, P.J. dissents in separate opinion.

MONTGOMERY, J., recuses.

KENNETH W. SHRUM, Presiding Judge, dissenting.

Respectfully, I dissent.

"[A] settlement agreement is a compromise by each party to the agreement of certain rights in order to gain what it did not have an established right to claim." *State ex rel. Mo. Cable Telecommunications Ass'n v. Mo. Pub. Serv. Comm'n,* 929 S.W.2d 768, 773[9] (Mo.App.1996). A compromise or settlement agreement is a species of contract, *Tinucci v. R.V. Evans Co.,* 989 S.W.2d 181, 184 (Mo.App.1998), albeit a distinctive species. *Dickey v. Thirty-Three Venturers,* 550 S.W.2d 926, 930[2] (Mo.App.1977). Accordingly, compromise agreements are governed by contract law. *Fiegener v. Freeman–Oak Hill Health Sys.,* 996 S.W.2d 767, 771[2] (Mo.App. 1999).

Once a binding settlement agreement is reached, it creates a new obligation that

---

**5.** "Obligations" is defined in the settlement agreement as "certain promissory notes identified as loan numbers 16378, 60053, 75382 and 75366 (SBA Loan # GP–806–636–30–01–SP), with certain modifications and extensions thereto and guaranties by certain of the Lines Group dated May 19, 1989, and November 13, 1993."

**6.** Mercantile claimed as defenses that the letter requesting it to release collateral was not

signed by Mrs. Lines; that the settlement agreement was not executed on November 30, 1999, in that it had not been signed by anyone on behalf of Mercantile when the attorney for Mrs. Lines inserted the date on the agreement; that the deed of release was provided within 15 days of when the agreement was fully executed and within 15 days from when the trial court in the previous case entered its order dismissing the action.

can be judicially enforced at the option of the non-breaching party. *See Estate of Knapp by and through Igoe v. Newhouse,* 894 S.W.2d 204, 207 (Mo.App.1995); *Wenneker v. Frager,* 448 S.W.2d 932, 936 (Mo. App.1969). As a general rule, breach of contract gives rise to one of two remedies, an action at law for damages for breach or a suit in equity for specific performance. *Weiss v. Leaon,* 225 S.W.2d 127, 130[4] (Mo.1949).

Here, one "new" obligation imposed on Mercantile by the settlement contract was for Mercantile to give the Lines a deed of release. The settlement contract was silent, however, about (a) the date by which Mercantile was to give the deed of release, and (b) the remedy available to the Lines if Mercantile did not give the deed of release as agreed.

As explained in *Ferguson v. Wozniak Indus., Inc.,* 931 S.W.2d 919, parties can contract for an "exclusive remedy" that limits their rights, duties, and obligations. *Id.* at 921[2]. For that to occur, however, the contract has to "clearly indicate the intent of the parties to make the stipulated remedy exclusive." *Id.*[1]

It is not clear to me what the majority means when it holds that "the terms of the settlement agreement were infused and made part of the request that Mercantile 'effect release of the ... deed of trust.'" On the other hand, it is clear *absolutely nothing* in the settlement contract indicates any *intent* by the parties that the Lines were to be limited in their choice of

a remedy if Mercantile breached the settlement agreement. Because there is no such limiting language, I would hold that § 443.130.1 remained viable as a remedy for the Lines if Mercantile did not timely give the deed of release. As I understand it, the principal opinion holds otherwise and thus, in my view, runs afoul of the principles of contract law cited above.

I also disagree with the majority opinion's characterization of the demand letter as requesting "nothing more than compliance with the agreement." In Missouri, persons are conclusively presumed to know the law. *Mo. Highway & Transp. Comm'n v. Myers,* 785 S.W.2d 70, 75 (Mo. banc 1990); *In re Estate of Pittman,* 16 S.W.3d 639, 643 (Mo.App.2000). Banks are given no dispensation from this rule, nor should they be.[2] Banking corporations, as other parties, are presumed to know the law. *See Round Prairie Bank of Fillmore v. Downey,* 64 S.W.2d 701, 704 (Mo.App.1933) (holding bank charged with notice of probate law governing investment of a ward's funds); *Deal v. Bank of Smithville,* 52 S.W.2d 201, 205 (Mo.App.1932) (holding bank had knowledge of the law and had been aware of duties of county collector). Since contracting parties are presumed to know the law and have it in mind when drafting their agreements, *Dill v. Poindexter Tile Co.,* 451 S.W.2d 365, 374[19] (Mo.App.1970), this court should presume the Lines and Mercantile knew § 443.130 provided a potential deadline or date, not otherwise provided by the settle-

---

1. Illinois authority was cited in *Ferguson* because the agreement provided for that state's law to apply. However, this court noted that Illinois law on this topic appeared "similar, if not identical to Missouri law." *Id.* at 920–21.

2. Due to the monolithic nature of many modern banks, it is not unreasonable to presume that among their employees there are professionals who are fully aware of the laws relat-

ing to the banking industry. Moreover, it is not unreasonable to presume that such professionals should be as well acquainted with laws that impose duties on banks, such as § 443.130, as they are with laws that aid them in collecting loans. Nor is it unreasonable to presume that banks should know more about laws that affect their industry than do their "small" customers.

ment document, by which Mercantile was to fulfill its obligation to give a deed of release. Moreover, since the settlement contract did not limit the Lines to a particular remedy if Mercantile did not give the release, this court should presume Mercantile knew § 443.130 potentially afforded the Lines an additional remedy for such breach. To rule otherwise disregards well-established principles of law.

I would hold that the letter sent by Laurence E. Lines to Mercantile, on its face, sufficiently informed Mercantile that he and his wife were requesting a release, and, therefore, was a demand for a release as contemplated by § 443.130.1. I would reach that result by applying the principle that Mercantile, as any other party, should be conclusively presumed to know the law.

As to the other issues mentioned in n. 6 near the end of the principal opinion, I would hold that any question about whether Lawrence Lines had authority to sign the demand letter for Beverly Lines is a factual issue that should be resolved on remand. I would hold that signing and forwarding the settlement documents to Mercantile on November 30, 1999, constituted "satisfaction [of the deed of trust] with good funds" within the meaning of § 433.130. Consequently, I would find that the deed of release was not provided by Mercantile within fifteen days of a sufficient § 433.130 demand letter and that Beverly Lines' § 433.130 claim may be viable, depending upon how any unresolved factual issues might be decided on remand.

For the reasons stated, I would reverse and remand for further proceedings.