Kevin S. BROWN and Melody L. Brown, Respondents,

v.

FIRST HORIZON HOME LOAN CORP., Appellant.

No. SC 85773.

Supreme Court of Missouri, En Banc.

Dec. 7, 2004.

Thomas J. Fritzlen, Jr., Kansas City, for appellant.

James R. Tweedy, Bloomfield, for respondents.

## PER CURIAM.

Kevin and Melody Brown borrowed money from First Horizon Home Loan Corp. A deed of trust secured the loan. The Browns paid the loan in full. They sent a demand letter to Home Loan requesting a release of the real estate. Home Loan filed the release with the recorder of deeds. The release was recorded 32 days after Home Loan received the Browns' demand letter.

The Browns filed suit, alleging that Home Loan failed to comply with section 443.130 [1], which requires the release to be delivered to the person making satisfaction within 15 business days after the request. The Browns sought judgment for the statutory 10% penalty. Home Loan attacked the validity of section 443.130. The trial court sustained the Browns' motion for summary judgment. Home Loan appeals. This Court has jurisdiction. Mo. Const. article V, section 3. Because the demand letter did not sufficiently track the statutory requirements of section 443.130, the judgment is reversed.

As this Court recently noted in *Garr v. Countrywide Home Loans, Inc.*, 137 S.W.3d 457, 460 (Mo. banc 2004): section 443.130 is penal in nature and must be strictly construed. Any demand letter purporting to invoke section 443.130 should closely track the language of the statute to place the mortgagee on notice that the statutory demand is being made.

While no particular language is specifically required to be included in the letter, the letter must somehow put the lender on notice that a demand is made under section 443.130. The Browns' letter has neither a reference to section 443.130 nor the 15 business days Home Loan has to respond. The person making satisfaction is not identified. No demand is made that the release be given to the person making satisfaction rather than filing the release with the recorder of deeds. As in *Garr*, in this case the Browns' letter as a whole does not place Home Loan on notice that demand is made under section 443.130.

The judgment is reversed.

1. All statutory citations are to RSMo 2000.

WOLFF, STITH, PRICE and LIMBAUGH, JJ., and CALLAHAN, Sp.J., concur.

TEITELMAN, J., dissents in separate opinion filed.

WHITE, C.J. and RUSSELL, J., not participating.

RICHARD B. TEITELMAN, Judge, dissenting.

I respectfully dissent.

Section 443.130.2 requires only that a mortgagor send a demand letter to the mortgagee by certified mail, return receipt requested. The only statutory requirements for the content of the demand letter are that it "include good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds" and that the mortgagor advance funds for "the expense of filing and recording the release. . . ." Section 443.130.2. "[N]o particular form of words is necessary for the demand; it is sufficient if it informs the mortgagee with reasonable certainty that an entry of satisfaction of the particular mortgage is requested." *Martin v. STM Mortgage Co.*, 903 S.W.2d 548, 550 (Mo. App.1995); 59 C.J.S. Mortgages, Section 474c (1949).

In this case, the Browns' demand letter complied with all statutory requirements for a valid demand letter and reasonably informed Home Loan that the plaintiffs were requesting a deed of release under section 443.130. The Browns sent the demand letter via certified mail, return receipt requested. The Browns requested a deed of release because the debt was satisfied. As expressly required by the statute and referenced in the demand letter, they enclosed funds for the expense of filing and recording the deed of release. Nonetheless, the majority concludes that Home Loan, a large, sophisticated mortgage lender, had no notice that the Browns were invoking the Missouri statute that enforces a mortgagee's right to a deed of release upon satisfaction of the mortgage.

In support of its conclusion, the majority identifies four aspects of the demand letter that prevented Home Loan from being put on notice that the Browns were invoking section 443.130.

First, the majority notes that Browns' letter did not reference section 443.130. Section 443.130 only requires that the mortgagee be put on notice, via a demand letter, that the mortgagor is requesting a deed of release. There is no statutory requirement that the statute be cited.

Second, the majority notes that the Browns' letter does not reference the 15 days Home Loan had to respond. The 15-day time period in section 443.130.1 is nothing more than the time in which a mortgagee has to provide a deed of release pursuant to a demand letter. The statute does not, either explicitly or implicitly, require citation to the 15-day time limit in order for a demand letter to be effective. The relevant factor is that the Browns demanded an action that is precisely the subject matter of section 443.130: a deed of release upon satisfaction of the debt.

Third, the majority notes that the Browns' letter did not identify the person making satisfaction of the debt. The statute only requires that, upon satisfaction of the debt, Home Loan "deliver to the person making satisfaction a sufficient deed of release." As the Browns' owned the mortgaged property and sent the demand letter, it would be more than reasonable for Home Loan to assume the Browns are the persons making satisfaction. In any event, this is a fact that could be easily verified.

Finally, the majority notes that no demand was made that the release be given to the person making satisfaction rather

than filing the release with the recorder of deeds. Again, the statutory requirements for a valid demand letter under section 443.130.2 require neither the citation of section 443.130 nor a recitation of the statutory elements for liability for failure to promptly tender a deed of release.

The Browns' demand letter satisfied every statutory requirement for a demand letter. A banking corporation such as Home Loan is presumed to know the law. *Round Prairie Bank of Fillmore v. Downey*, 64 S.W.2d 701, 704 (Mo.App.1933); *Deal v. Bank of Smithville*, 52 S.W.2d 201, 205 (Mo.App.1932). Concluding that a sophisticated mortgage company is not on notice because a customer's demand letter fails to cite the statute or recite provisions other than those required to be set forth indulges an unreasonable assumption that institutional lenders are utterly unaware of their statutory obligations unless advised by their customers.

The demand letter is valid. It is undisputed that Home Loan failed to provide a deed of release within 15 days. As stated in section 443.130.1 and found by the trial court, the Browns are entitled absolutely to ten percent upon the amount of the security instrument. I would affirm.