Thomas G. **BERNDSEN** and Linda L. **Berndsen**, Respondents,

v.

**FLAGSTAR BANK, FSB**, Appellant.

No. ED 86875.

Missouri Court of Appeals, Eastern District, Division Four.

June 20, 2006.

Charles S. Pullium, III, Clayton, MO, for Appellant.

Thomas G. Berndsen, Pro Se, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Flagstar Bank, FSB ("Flagstar") appeals from the trial court's grant of summary judgment in favor of Thomas G. and Linda L. Berndsen (collectively "the Berndsens") on the Berndsens petition under Section 443.130, RSMo 2000.[1] The trial court entered judgment in favor of the Berndsens in the amount of $11,444.95, $10,000.00 representing a forfeiture of ten percent of the face amount of the deed of trust, which was $100,000.00, plus

$1,444.95 of prejudgment interest. Because we find there are no genuine issues of material fact and the Berndsens were entitled to judgment as a matter of law, we affirm.

On August 13, 2002, the Berndsens executed a deed of trust in favor of Assured Lending Services, L.L.C. in the amount of $100,000.00. The Berndsens' deed of trust was subsequently assigned to Flagstar. On December 1, 2003, the Berndsens mailed, via certified mail, return receipt requested, an "official check" together with a letter requesting Flagstar to apply the check to the remaining balance of the Berndsens' loan, and return to the Berndsens a deed of release. The letter was mailed to Flagstar's headquarters in Troy, Michigan, and was received by Flagstar on December 3, 2003. The deed of release was mailed on February 9, 2004 to the St. Louis County Recorder's Office. The deed of release was subsequently recorded on February 17, 2004.

On January 23, 2004, the Berndsens filed their petition seeking relief under Section 443.130. In addition, the Berndsens sought prejudgment interest and attorneys fees. Flagstar and the Berndsens filed cross-motions for summary judgment. The trial court denied both motions. Thereafter, the trial court reconsidered its previous order regarding the motions for summary judgment, and granted summary judgment in favor of the Berndsens. The trial court awarded the Berndsens $10,000.00, representing a forfeiture of ten percent of the original $100,000.00 loan secured by the underlying deed of trust, and an additional $1,444.95 in prejudgment interest. Flagstar now appeals.

In reviewing whether a grant of summary judgment was proper, we must

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

view the record in the light most favorable to the party against whom the summary judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). That party is accorded the benefit of all reasonable inferences that may be drawn from the record. *Id.* Conversely, the moving party has the burden of establishing a right to judgment as a matter of law and that no genuine issue of material fact exists. *Id.* at 378. Because the granting or denial of a motion for summary judgment is purely an issue of law, and because the trial court's decision is founded on the same record we are to consider, we need not defer to the trial court's judgment. *Id.* As such, our review of the trial court's judgment is de novo. *Id.*

In its first point, Flagstar contends the trial court erred in granting summary judgment in favor of the Berndsens because their demand letter failed to follow the requirements of Section 443.130. Flagstar asserts the demand letter was insufficient because it failed to cite or reference Section 443.130, and did not request or reference that the deed of release was to be sent within fifteen days. We disagree.

Section 443.130 is the mechanism to enforce the obligation set out in Section 443.060.1, which requires a mortgagee, after receiving full satisfaction of any security instrument, and at the request and cost of the person making satisfaction, to deliver to such person a sufficient deed of release of the security instrument.[2] At the time this matter arose, Section 443.130 provided:[3]

1. If any such person, thus receiving satisfaction, does not, within fifteen business days after request and tender of

---

2. Section 443.060 provides, in pertinent part:

1. If any mortgagee, cestui que trust or assignee, or personal representative of the mortgagee, cestui que trust or assignee, receive full satisfaction of any security instrument, he shall, at the request and cost of the person making the same, deliver to such person a sufficient deed of release of the security instrument; but it shall not in any case be necessary for the trustee to join in such deed of release.

3. At the time the Berndsens' cause of action arose, the 2004 amendment to Section 443.130 was not in effect. The current versions of Section 443.130, RSMo Cum.Supp. 2005, reads as follows:

1. If the secured party, receiving satisfaction for the debt secured pursuant to this chapter, does not, within forty-five days after request and tender of costs, submit for recording a sufficient deed of release, such secured party shall be liable to the mortgagor for the lesser of an amount of three hundred dollars a day for each day, after the forty-fifth day, that the secured party fails to submit for recording a sufficient deed of release or ten percent of the amount of the security instrument, plus court costs and attorney fees to be recovered in any court of competent jurisdiction. In the event a document submitted for recording by a secured party is rejected for recording for any reason, such secured party shall have sixty days following receipt of notice that the document has been rejected in which to submit a recordable and sufficient deed of release.

2. To qualify under this section, the mortgagor or his or her agent shall provide the request in the form of a demand letter to the secured party by certified mail, return receipt requested or in another form that provides evidence of the date of receipt to the mortgagor. The letter shall include good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds, and the expense of filing and recording the release was advanced.

3. In any action against such person who fails to release the lien as provided in subsections 1 and 2 of this section, the plaintiff, or his or her attorney, shall prove at trial that the plaintiff notified the holder of the note by certified mail, return receipt requested, or as otherwise permitted by subsection 2 of this section.

costs, deliver to the person making satisfaction a sufficient deed of release, such person shall forfeit to the party aggrieved ten percent upon the amount of the security instrument, absolutely, and any other damages such person may be able to prove such person has sustained, to be recovered in any court of competent jurisdiction. A business day is any day except Saturday, Sunday and legal holidays.

2. To qualify under this section, the mortgagor shall provide the request in the form of a demand letter to the mortgagee, cestui qui trust, or assignee by certified mail, return receipt requested. The letter shall include good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds, and the expense of filing and recording the release was advanced.

3. In any action against such person who fails to release the lien as provided in subsection 1 of this section, the plaintiff, or his attorney, shall prove at trial that the plaintiff notified the holder of the note by certified mail, return receipt requested.

Missouri courts have recognized the highly penal nature of Section 443.130 and have ruled the statute must be strictly construed. *Brown v. First Horizon Home Loan Corp.*, 150 S.W.3d 287, 288 (Mo. banc 2004); *Garr v. Countrywide Home Loans. Inc.*, 137 S.W.3d 457, 460 (Mo. banc 2004); *Murray v. Fleet Mortgage Corp.*, 936 S.W.2d 212, 215 (Mo.App. E.D.1996); *Roberts v. Rider*, 924 S.W.2d 555, 558 (Mo. App. S.D.1996); *Trovillion v. Chem. Bank*, 916 S.W.2d 863, 865 (Mo.App. E.D.1996); *Masterson v. Roosevelt Bank*, 919 S.W.2d 9, 10 (Mo.App. E.D.1996). The purpose of Section 443.130 is to enforce the duty of the mortgagee to clear the mortgagor's title, so that the record is no longer encumbered. *Roberts*, 924 S.W.2d at 558.

Although no particular language is specifically required, any demand letter purporting to invoke Section 443.130 should closely track the language of the statute to place the mortgagee on notice that the statutory demand is being made. *Garr*, 137 S.W.3d at 460; *Brown*, 150 S.W.3d at 288.

The letter mailed by the Berndsens to Flagstar stated:

RE: Thomas G. & Linda L. Berndsen

Loan No. 998841770–6

Property Address: 1815 Brookcreek Lane, Kirkwood, Missouri 63122

Dear Sir:

Enclosed herein, please find an official check (Check No. 905072361) in the sum of $91,798.00 for full payment of the amount due under this loan. Demand is hereby made that you furnish me at above address a deed of release for the deed of trust securing this loan. The enclosed check includes an additional sum of $100.00 for the costs and expenses of filing and recording the release.

Thank you.

Flagstar contends the demand letter is insufficient because it does not cite or reference Section 430.130 and did not request or reference that the deed was to be sent within fifteen business days. However, in light of the Supreme Court's recent decision in *Glass v. First National Bank of St. Louis, N.A.*, 191 S.W.3d 662 (Mo. banc, 2006), we find the Berndsens' letter sufficient to meet the requirements of Section 443.130.

In *Glass*, the bank appealed the trial court's entry of summary judgment in the Glasses' favor because their demand letter failed to specifically reference Section 443.130, or provide the deadline for providing a copy of the release or for recording

the deed of release. *Id.*, 666. The demand letter in question in *Glass* provided:

Dear Sir/Madam:

Please consider this our demand letter and written request for a deed of release of the mortgage/deed of trust on our home at 12706 Wynfield Pines Court, Des Peres, Missouri 63131.

Our home was recently refinanced and your loan, which was secured by a mortgage/deed of trust on the above property, has been paid off and satisfied with good funds. Recognizing this, you acknowledged receipt of payment in full our loan on June 13, 2001 in a letter dated July 24, 2001. A copy of such letter is enclosed. For your convenience, this loan was referenced as loan number 2010185700.

Enclosed please find a check in the amount of $24.00 as and for costs, including recording fees, for the filing and recordation of the deed of release. I have also enclosed evidence that the aforementioned mortgage/deed of trust has been paid off and the expense of filing and recoding the release has been advanced.

I trust that this letter and accompanying check will enable you to deliver the requested deed of release promptly. Thank you in advance for your cooperation.

*Id.*, Slip op. at 665-66. The court found that the demand letter was sufficient to place the lending institution on notice that a demand for a deed of release was being made under Section 443.130. *Id.*, at 667. The court in *Glass* found that the demand letter was not required to reference Section 443.130 specifically or list the deadline for providing the former debtor with a copy of the deed of release, where the letter, as a whole, placed the lending institution on notice without directly referencing the statute. *Id.*

Here, as in *Glass*, the Berndsens' letter is identified as being a demand letter and requests a deed of release. The letter identifies the subject property by address and the loan number of the mortgage. An "official check" was enclosed with the letter to satisfy the loan. The letter also references the inclusion of a check advancing the expense of filing and recording the release. Furthermore, in the exhibits to the Berndsens' motion for summary judgment, they included proof that their demand letter was sent by certified mail, return receipt requested on December 1, 2003, and that Flagstar received the demand letter on December 3, 2003. The Berndsens also included proof that Flagstar deposited the check into its bank account on December 4, 2003. Although the demand letter did not include a specific reference to Section 443.130 or list the deadline for providing the deed of release, such references to the statute or the deadline were not necessary as held in *Glass* because the demand letter, as a whole, placed Flagstar on notice that a demand for a deed of release was being made under Section 443.130. The trial court did not err in entering summary judgment in favor of the Berndsens. Flagstar's first point is denied.

In its second point, Flagstar asserts the trial court erred in granting summary judgment in favor of the Berndsens because the letter failed to follow the requirements of Section 443.130 in that the Berndsens did not provide good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds. Flagstar essentially argues that because the Berndsens included the demand letter with the pay-off check, the demand letter was premature. We disagree.

A demand that is made simultaneously with the tender of a check in the amount that would fully satisfy the mortgage is not premature. *Martin v. STM Mortg. Co.*, 903 S.W.2d 548, 551 (Mo.App. W.D.1995). Such a request is valid and timely, and the time period for delivery of the deed of release begins to run on the date the check is paid. *Id.* Here, the undisputed evidence showed that the "official check" in the name of Commerce Bank for $91,798.00, the full amount to satisfy the mortgage, was received by Flagstar on December 3, 2003 and deposited into Flagstar's bank account on December 4, 2003. Furthermore, Flagstar's account record in the "Glen Servicing System" showed that the deed of trust was satisfied on December 3, 2003.

■ The demand letter along with the official check provide good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds and provided notice that Flagstar was to send the Berndsens a deed of release within fifteen days of the time the loan was paid off. Flagstar failed to provide a deed of release to the Berndsens within that time frame. The trial court did not err in entering summary judgment in favor of the Berndsens. Flagstar's second point is denied.

In its third point, Flagstar maintains the trial court erred in granting summary judgment in favor of the Berndsens because Sections 443.060 and 443.130 are unconstitutional. Flagstar argues Sections 443.060 and 443.130 are unconstitutionally vague in violation of Article I, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution, and permit an excessive fine in violation of the Eighth and Fourteenth Amendments of the United States Constitution. We disagree.

■ Initially, we note Flagstar's claim that Section 443.060 is unconstitutionally vague and permits an excessive fine was not raised in Flagstar's answer or its motion for summary judgment, and, therefore, is not preserved for appellate review. *See Sharp v. Curators of University of Missouri*, 138 S.W.3d 735, 738 (Mo.App. E.D.2003)(holding that to properly preserve a constitutional issue for appellate review, the issue must be raised at the earliest opportunity and preserved at each step of the judicial process). Accordingly, we decline to address Flagstar's assertion.

While Flagstar's contention that Section 443.130 is unconstitutionally vague and permits an excessive fine was properly preserved for appeal, it must also be denied. In *Glass v. First National Bank of St. Louis, N.A.*, 186 S.W.3d 766, 766 (Mo. banc 2005), the Supreme Court determined that the same constitutional arguments regarding Section 443.130 were "not real or substantial." Therefore, because these arguments involve the same issues, we need not review these arguments here. The trial court did not err in entering summary judgment in favor of the Berndsens. Flagstar's third point is denied.

The judgment is affirmed.

NANNETTE A. BAKER, P.J. and SHERRI B. SULLIVAN, J., concur.