Rodney GLASS and Diane
Glass, Respondents,

v.

FIRST NATIONAL BANK OF ST.
LOUIS, N.A., Appellant.

No. SC 86408.

Supreme Court of Missouri,
En Banc.

April 5, 2005.

Donald L. O'Keefe and Ann E. Ahrens, St. Louis, MO, for Appellant.

Jennie I. Bartlett, John W. Rourke, and Bernard A. Reinert, St. Louis, MO, for Respondents.

Jay A. Summerville and Jeffery T. McPherson, Armstrong, Teasdale, LLP, St. Louis, MO, Wade L. Nash, Jefferson City, MO, for Amicus Curiae Missouri Bankers Association.

RICHARD B. TEITELMAN, Judge.

The circuit court granted summary judgment in favor of Rodney and Diane Glass in their action under section 443.130 for ten percent of the face value of their deed of trust with First National Band of St. Louis, N.A. On appeal, First National argues both that the Glass' demand letter was insufficient and that section 443.130 is unconstitutional. First National's constitutional arguments are that section 443.130 is vague, violates equal protection, constitutes a taking of private property without just compensation and is an excessive fine.

Pursuant to article V, section 3 of the Missouri Constitution, this Court has exclusive jurisdiction in all cases involving the validity of a statute. However, a mere assertion that a statute is unconstitutional does not deprive the court of appeals of jurisdiction. *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 51 (Mo. banc 1999); *Wright v. Mo. Dept. of Social Services*, 25 S.W.3d 525, 528 (Mo.App.2000). The constitutional issue must be real and substantial, not merely colorable. *Id.*

The constitutional arguments raised by First National are not real and substantial.

Accordingly, this Court does not have exclusive appellate jurisdictions over this case. This appeal is, therefore, transferred to the Eastern District Court of Appeals pursuant to article V, section 11 of the Missouri Constitution, which provides that:

In all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction. An original action filed in a court lacking jurisdiction or venue shall be transferred to the appropriate court.

WHITE, C.J., WOLFF, STITH and PRICE, JJ., and BROWN, Sp.J., concur.

LIMBAUGH and RUSSELL, JJ., not participating.