Robert L. **ADAMS** and Laraine Rae Adams, his wife, Appellants,

v.

**UNION PLANTERS BANK, N.A.,** Respondent.

No. ED 85841–01.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 5, 2006.

Walter S. Drusch, Jr., Cape Girardeau, MO, for appellant.

David G. Wasinger, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Robert and Laraine Adams (collectively the Adams) appeal from the judgment of dismissal entered in favor of Union Planters Bank, N.A. (Union Planters). In the underlying case, the Adams brought suit against Union Planters for statutory damages under Section 443.130, RSMo 2000.[1] In their sole point on appeal, the Adams argue the trial court erred in dismissing their petition based upon the recent Missouri Supreme Court case of *Garr v. Countrywide Home Loans, Inc.*, 137 S.W.3d 457 (Mo. banc 2004) because the *Garr* decision "is clearly erroneous and manifestly wrong and should not be followed." We reverse.[2]

The Adams filed suit alleging Union Planters failed to timely release a Deed of Trust on their residence pursuant to Section 443.130.[3] The Adams contend that on February 9, 1996, they obtained a loan from Union Planters to be secured by their residence at 1700 Hermitage Drive, Jackson, Missouri in the amount of $204,000. In their petition, the Adams further allege that on February 23, 1999 they fully satisfied the amounts under the loan, and sent Union Planters a Demand for Deed of Release (the Demand). The demand, which was attached to Plaintiff's Petition, states as follows:

Dear Sirs:

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

2. We originally handed down a decision in this case affirming the trial court's judgment pursuant to *Garr*. The Missouri Supreme Court sustained the application for transfer but retransferred the case to this court for reconsideration on the merits in light of its recent decision in *Glass v. First National Bank of St. Louis, N.A.*, SC87244, 191 S.W.3d 662 (Mo. banc 2006).

3. Section 443.130 provides in pertinent part as follows:
    1. If any such person, thus receiving satisfaction, does not, within fifteen business days after request and tender of costs, deliver to the person making satisfaction a sufficient deed of release, such person shall forfeit to the party aggrieved ten percent upon the amount of the security instrument, absolutely, and any other damages such person may be able to prove such person has sustained, to be recovered in any court of competent jurisdiction . . .
    2. To qualify under this section, the mortgagor shall provide the request in the form of a demand letter to the mortgagee . . . by certified mail, return receipt requested. The letter shall include good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds, and the expense of filing and recording the release was advanced.

My wife and I respectfully request and demand that Union Planters Bank provide a deed of release for our loan which was paid off to your bank on or about February 23, 1999 by the 1st National Bank of Cape Girardeau, Missouri on our behalf. This was your Loan No. 0004529996 and the loan was made through your branch bank in Jackson, Missouri.

We are enclosing a copy of the "Wire Transfer Activity Report" by which funds in the amount of $204,027.60 were transmitted to your bank on February 23, 1999.

The deed of trust securing the loan is recorded in Book 794, beginning at Page 240 and was recorded on March 4, 1996 as document number 002463 in the recorder's office in Jackson, Missouri.

We are enclosing our cashier's check issued by the 1st National Bank as check number 27710 in the amount of $18.00 made payable to "Union Planters Bank" to cover the expense of recording the deed of release for this loan and deed of trust.

Union Planters filed a motion to dismiss alleging the Demand sent by the Adams failed to invoke the statutory provisions of Section 443.130. The trial court granted Union Planters' Motion to Dismiss, and dismissed the Adams' petition with prejudice. The Adams then filed an after-trial motion to set aside dismissal and to amend judgment. The trial court denied the Adams' after-trial motion, indicating the ruling was consistent with the dictates of the Missouri Supreme Court in *Garr*. This appeal follows.

In their sole point, the Adams argue the trial court erred in dismissing their petition based upon the recent Missouri Supreme Court case of *Garr* because the *Garr* decision "is clearly erroneous and manifestly wrong and should not be followed." We reverse.

■ Appellate review of a trial court's order granting a motion to dismiss is de novo. *Summer Chase Second Addition Subdivision Homeowners Association v. Taylor–Morley, Inc.*, 146 S.W.3d 411, 415 (Mo.App. E.D.2004). A dismissal should be affirmed as a matter of law if any ground within the motion to dismiss supports the ruling, regardless of whether or not the trial court actually relied on that ground. *Johnson v. Vee Jay Cement*, 77 S.W.3d 84, 88 (Mo.App. E.D.2002).

Here, the trial court granted Union Planters' Motion to Dismiss, and denied the Adams' post-judgment motion, indicating the ruling was consistent with the dictates of the decision of the Missouri Supreme Court in *Garr*.[4] In light of the mandate from the Missouri Supreme Court, we need not resolve whether *Garr* was correctly decided but rather determine whether the trial court's judgment is consistent with *Glass*.

---

4. In *Garr*, the plaintiff filed suit against Countrywide, seeking to recover the statutory penalty under Section 443.130 for a failure to timely release a Deed of Trust. *Garr*, 137 S.W.3d at 459. Countrywide contended the Garrs' letter requesting release of the Deed of Trust did not place it on notice that Section 443.130 was being invoked. *Id.* at 460. The Missouri Supreme Court agreed, noting first that the Garrs demanded an "immediate release" of the deed of trust, rather than allowing for fifteen business days. *Id.* In addition, the Garrs demanded that Countywide record the deed of release, which was another action not required by the statute. *Id.* Finally, the Court held that in reading the Garrs' letter, nothing placed Countrywide on notice that the Garrs were making a demand under Section 443.130, whether directly, by reprinting, citing, or referencing the statute, or otherwise. *Id.* Therefore, the Missouri Supreme Court held the letter did not sufficiently track the statutory requirements of section 443.130. *Id.*

■ Missouri courts have recognized the highly penal nature of Section 443.130 and have ruled the statute must be strictly construed. *Brown v. First Horizon Home Loan Corp.*, 150 S.W.3d 287, 288 (Mo. banc 2004); *Garr v. Countrywide Home Loans. Inc.*, 137 S.W.3d 457, 460 (Mo. banc 2004); *Murray v. Fleet Mortgage Corp.*, 936 S.W.2d 212, 215 (Mo.App. E.D.1996); *Roberts v. Rider*, 924 S.W.2d 555, 558 (Mo. App. S.D.1996); *Trovillion v. Chem. Bank*, 916 S.W.2d 863, 865 (Mo.App. E.D.1996); *Masterson v. Roosevelt Bank*, 919 S.W.2d 9, 10 (Mo.App. E.D.1996). The purpose of Section 443.130 is to enforce the duty of the mortgagee to clear the mortgagor's title, so that the record is no longer encumbered. *Roberts*, 924 S.W.2d at 558. Although no particular language is specifically required, any demand letter purporting to invoke Section 443.130 should closely track the language of the statute to place the mortgagee on notice that the statutory demand is being made. *Garr*, 137 S.W.3d at 460; *Brown*, 150 S.W.3d at 288. In light of the Missouri Supreme Court's recent decision in *Glass*, we find the Adams' letter sufficient to meet the requirements of Section 443.130.

In *Glass*, the bank appealed the trial court's entry of summary judgment in the Glasses' favor arguing that the demand letter failed to specifically reference Section 443.130, or provide the deadline for providing a copy of the release or for recording the deed of release. *Id.*, at 666. The demand letter in *Glass* provided as follows:

Dear Sir/Madam:

Please consider this our demand letter and written request for a deed of release of the mortgage/deed of trust on our home at 12706 Wynfield Pines Court, Des Peres, Missouri 63131.

Our home was recently refinanced and your loan, which was secured by a mortgage/deed of trust on the above property, has been paid off and satisfied with good funds. Recognizing this, you acknowledged receipt of payment in full our loan on June 13, 2001 in a letter dated July 24, 2001. A copy of such letter is enclosed. For your convenience, this loan was referenced as loan number 2010185700.

Enclosed please find a check in the amount of $24.00 as and for costs, including recording fees, for the filing and recordation of the deed of release. I have also enclosed evidence that the aforementioned mortgage/deed of trust has been paid off and the expense of filing and recording the release has been advanced.

I trust that this letter and accompanying check will enable you to deliver the requested deed of release promptly. Thank you in advance for your cooperation.

*Id.*, at 665–66. Finding the demand letter was sufficient to place the bank on notice that a statutory demand for a deed of release was being made, the *Glass* court held the demand letter was not required to reference Section 443.130 specifically or list the deadline for providing the former debtor with a copy of the deed of release, where the letter, as a whole, provided the appropriate notice. *Id.*, at 666.

■ Here, as in *Glass*, the Adams' letter is identified as being a demand letter and requests a deed of release. The letter identifies the subject property by the loan number of the mortgage. A copy of "Wire Transfer Activity Report" was enclosed with the letter showing that funds in the amount of $204,027.60 were transmitted to Union Planters on February 23, 1999 to satisfy the loan. The letter also references the inclusion of a check advancing the expense of filing and recording the release. Furthermore, the Adams includ-

ed proof that their demand letter was sent by certified mail and that Union Planters received the demand letter on July 7, 1999. Although the demand letter did not include a specific reference to Section 443.130 or list the deadline for providing the deed of release, such references to the statute or the deadline were not necessary as held in *Glass* because the demand letter, as a whole, placed Union Planters on notice that a demand for a deed of release was being made under Section 443.130. The trial court erred in dismissing the Adams' petition.

Reversed and remanded for proceedings consistent with this opinion.

NANNETTE A. BAKER, P.J. and SHERRI B. SULLIVAN, J., concur.