Gary Dean McCLAIN and Darlene S. McClain, Plaintiffs–Respondents,

v.

Paul KELLEY, Jr. and Connie Jo Kelley, Defendants–Appellants.

No. 28344.

Missouri Court of Appeals, Southern District, Division 1.

March 3, 2008.

John Sims, Sims, Johnson, Wood & Sims, Neosho, MO, for appellants.

No brief filed by Respondents.

GARY W. LYNCH, Chief Judge.

Paul Kelley, Jr. and Connie Kelley ("Defendants"), appeal the trial court's judgment awarding Gary Dean McClain and Darlene McClain ("Plaintiffs") statutory damages for Defendants' alleged failure to timely submit for filing a deed of release of a deed of trust, as required by section 443.130.[1] Finding that Plaintiffs failed to prove the existence of a demand letter which satisfied the requirements of the statute, we reverse and remand for a new trial.

### Factual and Procedural Background

Plaintiffs borrowed $33,000.00 from Defendants, which was evidenced by a promissory note and secured by a deed of trust recorded in the deed records of Newton County, Missouri. Gary[2] obtained a money order dated November 14, 2004 to pay off this loan and delivered it to Paul. Gary verbally asked Paul for a deed of release, but it was not forthcoming.

Plaintiffs hired attorney Susan Butler to prepare a letter demanding a deed of release. A letter was marked as Exhibit D and identified by Gary as the "demand letter" prepared by Butler, but Exhibit D was never again mentioned during the trial, nor was it ever offered or admitted into evidence.

On an unidentified date in May 2005, Darlene took a document which she described as a "demand letter"[3] to Ron Bak-

---

1. All references to statutes are to RSMo Cum. Supp.2004, unless otherwise indicated.

2. Because both plaintiffs and both defendants are husband and wife having the same last name, references to individuals will be by first name. No disrespect is intended.

3. Nothing in the record supports that this document was the same document which Gary identified as Exhibit D.

er, who is a private process server. Baker served Paul personally with the document Darlene had given him. However, Baker could not recall the date he delivered the document to Paul.

A deed of release for the deed of trust was recorded by Darlene on August 1, 2005, in the deed records of Newton County. Thereafter, on September 1, 2005, this action was initiated by Plaintiffs. Following a bench trial, judgment was entered on February 7, 2007, awarding Plaintiffs $3,300.00 as "statutory penalties" and $97.00 as court costs on "Plaintiffs' Petition for Statutory Penalties pursuant to [section] 443.130 RSMo." This appeal timely followed.

### Standard of Review

 This case was tried before the court without a jury. The standard of review in a court-tried case is set out in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Harrison v. DeHeus*, 230 S.W.3d 68, 74 (Mo.App.2007). The judgment will be affirmed unless it is against the weight of the evidence, there is insufficient evidence to support it, or it erroneously declares or applies the law. *Id.* "We accept as true the evidence and reasonable inferences therefrom in favor of the prevailing party and disregard the contrary evidence." *Id.*

### Discussion

Defendants claim that the trial court's judgment in not supported by substantial evidence in three respects: point one, there was no evidence before the court that Plaintiffs' demand letter closely tracked the language of section 443.130; point two, there was no evidence that any

demand letter was served upon Defendants in the manner specified by section 443.130; and point three, there was no evidence that Plaintiffs advanced the expense of filing and recording the release as required by section 443.130.[4] Point one has merit and requires reversal of the judgment.

Section 443.130 provides:
1. If the secured party, receiving satisfaction for the debt secured pursuant to this chapter, does not, within forty-five days after request and tender of costs, submit for recording a sufficient deed of release, such secured party shall be liable to the mortgagor for the lesser of an amount of three hundred dollars a day for each day, after the forty-fifth day, that the secured party fails to submit for recording a sufficient deed of release or ten percent of the amount of the security instrument, plus court costs and attorney fees to be recovered in any court of competent jurisdiction. In the event a document submitted for recording by a secured party is rejected for recording for any reason, such secured party shall have sixty days following receipt of notice that the document has been rejected in which to submit a recordable and sufficient deed of release.
2. To qualify under this section, the mortgagor or his or her agent shall provide the request in the form of a demand letter to the secured party by certified mail, return receipt requested or in another form that provides evidence of the date of receipt to the mortgagor. The letter shall include good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds, and the expense of filing and recording the release was advanced.

---

4. Plaintiffs did not file a brief. "While there is no penalty for that omission, it requires this court to adjudicate [an appellant's] claims of error without the benefit of whatever argu-

ment, if any, [the respondent] could have made in response." *In re Estate of Klaas,* 8 S.W.3d 906, 908 (Mo.App.2000).

3. In any action against such person who fails to release the lien as provided in subsections 1 and 2 of this section, the plaintiff, or his or her attorney, shall prove at trial that the plaintiff notified the holder of the note by certified mail, return receipt requested, or as otherwise permitted by subsection 2 of this section.

■■ "Missouri courts have recognized the highly penal nature of Section 443.130 and have ruled the statute must be strictly construed. The purpose of Section 443.130 is to enforce the duty of the mortgagee to clear the mortgagor's title, so that the record is no longer encumbered." *Adams v. Union Planters Bank, N.A.,* 201 S.W.3d 539, 542 (Mo.App.2006) (internal citations omitted). To qualify for the penalty under this section, a mortgagor must prove that he requested, in the form of a demand letter, the secured party to submit for recording a sufficient deed of release. Section 443.130. In addition to containing that request, the statute explicitly requires that the demand letter "include good and sufficient evidence that the debt secured by the deed of trust was satisfied with good funds, and the expense of filing and recording the release was advanced." Section 443.130.2. While no specific language is required, "any demand letter purporting to invoke section 443.130 should closely track the language of the statute to place the mortgagee on notice that the statutory demand is being made." *Glass v. First Nat'l Bank of St. Louis,* 191 S.W.3d 662, 665 (Mo. banc 2006); *Brown v. First Horizon Home Loan Corp.,* 150 S.W.3d 287, 288 (Mo. banc 2004); *Garr v. Countrywide Home Loans, Inc.,* 137 S.W.3d 457, 460 (Mo. banc 2004). Such demand letter must then be delivered to the secured party "by certified mail, return receipt requested or in another form that provides evidence of the date of receipt to the mortgagor." Sections 443.130.2 and 443.130.3.

■ While Plaintiffs in their testimony during trial referred to certain documents as a "demand letter," and Gary identified exhibit "D" as a "demand letter," there is no evidence in the record as to the contents or substance of any document so identified. Without such evidence, the trial court could not determine whether any document referred to as a "demand letter" actually requested the secured party to submit for recording a sufficient deed of release, included evidence that the debt was satisfied, or included evidence that the expense of filing and recording the release was advanced. In other words, Plaintiffs failed to offer any substantial evidence that the document or documents to which they referred as a "demand letter" closely tracked the language of section 443.130 or in any other way complied with the explicit requirements of section 443.130. *Garr,* 137 S.W.3d at 460; section 443.130. Defendants' point one is granted. The judgment must be reversed.

■■ Our reversal of the judgment for lack of proof on this issue raises the question as to whether or not we should remand the case for a new trial. Where a plaintiff has obtained a judgment in the trial court based upon the finder-of-fact's conclusion that sufficient evidence to support the judgment was presented, we will reverse without remand only if we are persuaded that the plaintiff could not make a submissible case on retrial. *Kenney v. Wal–Mart Stores, Inc.,* 100 S.W.3d 809, 818 (Mo. banc 2003). "The preference is for reversal and remand." *Id.* quoting *Warren v. Paragon Tech. Group, Inc.,* 950 S.W.2d 844, 846 (Mo. banc 1997) (citing *Moss v. Nat'l Super Markets, Inc.,* 781 S.W.2d 784, 786 (Mo. banc 1989)). Because documentation exists for one or more potential demand letters, we cannot say that Plaintiffs could not make a submissible case upon retrial.

Because the issue raised by Defendants' second point—service of the demand letter in the manner required by section 443.130—may arise upon retrial, we will briefly address it. Strictly construing this penal statute requires that a mortgagor must prove that the demand letter, as described in and meeting the requirements of section 443.130, was provided to the secured party either by "certified mail, return receipt requested" or "in another form that provides evidence of the date of receipt to the mortgagor." Section 443.130. The date of receipt of the demand letter by the secured party is a prerequisite to any determination as to whether or not the secured party complied within forty-five days of the date of receipt as allowed by the statute and, if not, the calculation of the amount of any penalty. Section 443.130.1. Proof of service by certified mail, return receipt requested necessarily includes the date of receipt, because it is noted on the return receipt. However, where a mortgagor chooses to use another form of service, the evidence of that service must likewise prove the actual date of receipt of the demand letter by the secured party. Section 443.0130.2.

We need not address Defendants' third point, because the evidence presented upon retrial may support that the contents of the demand letter as provided for by the statute included "good and sufficient evidence that ... the expense of filing and recording the release was advanced," as required by section 443.130.

### Decision

The trial court's judgment is reversed, and the case is remanded for a new trial.

RAHMEYER, J., and BURRELL, J., concur.