Scott **HUBER** and Stephanie **Huber, Appellants,**

v.

**WELLS FARGO HOME MORTGAGE, INC., and Franklin American Mortgage Company, Respondents.**

No. SC 88470.

Supreme Court of Missouri, En Banc.

April 1, 2008.

---

Johnny S. Wang, Kevin L. Fritz, Lashly & Baer, P.C., St. Louis, MO, for Appellants.

David T. Hamilton, Nicholas J. Komoroski, Hazelwood & Weber, LLC, St. Charles, MO, Charles F. DuFour, St. Louis, MO, for Respondents.

PER CURIAM.[1]

### Introduction

Scott and Stephanie Huber executed a deed of trust in favor of Franklin American Mortgage Company. Wells Fargo Home Mortgage, Inc., subsequently serviced the loan. All payments were made, and a deed of release was recorded on February 23, 2004. Approximately two weeks later, the Hubers sent a demand to Wells Fargo that it deliver to them a deed of release. Wells Fargo did not deliver a

---

1. This Court transferred this case after an opinion by the Court of Appeals, Eastern District, authored by the Honorable George W. Draper III. Portions of that opinion are used without further attribution. This Court has jurisdiction. *Mo. Const. article V, section 10.*

deed of release to the Hubers, but advised the Hubers that the release had been recorded.

The Hubers filed this suit under section 443.130 [2] seeking the statutory penalty and other damages. Because the Hubers demanded the deed of release only from Wells Fargo and only after one had been recorded, the trial court properly entered judgment for the companies. The judgment is affirmed.

## Facts

The Hubers are the owners of residential real estate located at 11805 Birmington Drive, Bridgeton, Missouri 63044. They executed a promissory note to Franklin in the amount of $110,500. The promissory note was secured by a deed of trust on the property. Subsequently, Wells Fargo purchased the promissory note and deed of trust from Franklin.

The Hubers paid the balance of their loan, which was confirmed by Wells Fargo on February 6, 2004. On February 13, 2004, Wells Fargo prepared a deed of release on the property. The St. Louis County recorder of deeds recorded the deed of release on February 23, 2004.

On March 4, 2004, the Hubers sent a statutory demand letter to Wells Fargo. They demanded an immediate release of the deed of trust against the property and for the deed of release to be delivered to them within 15 business days. The letter included a check to cover the costs of filing the deed of release. Wells Fargo returned the Hubers' check because the loan was paid in full and the deed of trust had already been released.

## The suit and judgment

The Hubers filed this suit, claiming Wells Fargo and Franklin violated section 443.130. They sought statutory damages for failing to issue them a copy of the deed of release after the deed of release had been recorded. They also sought prejudgment interest from the date of the demand letter.

Wells Fargo filed a motion for summary judgment. Franklin expressly joined Wells Fargo's motion. After taking judicial notice of the file and the arguments of all parties, the trial court granted summary judgment in favor of Wells Fargo and Franklin. The Hubers appeal.

## Standard of review

■ As stated in *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993), when considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. The Court accords the non-movant the benefit of all reasonable inferences from the record. Appellate review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those that should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

■ Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. *Rule 74.04(c)(6)*. The moving party bears the burden of establishing a right to judgment as a matter of law. *ITT Commercial Finance* at 378. Follow-

---

**2.** All statutory citations are to RSMo 2000.

ing the moving party's prima facie showing, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect. *Rule 74.04(c)(6)*.

### Franklin did not receive a demand

The Hubers' loan was executed originally in favor of Franklin, but all rights and obligations thereunder were subsequently assigned to Wells Fargo. The Hubers addressed their demand letter to Wells Fargo; this letter was neither addressed nor delivered to Franklin. Hence, Franklin was not given notice that any action on its previously held loan needed to be taken.

### Section 443.130 is not applicable to Wells Fargo under these facts[3]

The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning. The construction of statutes is not to be hyper-technical, but instead is to be reasonable and logical and to give meaning to the statutes. *Lewis v. Gibbons*, 80 S.W.3d 461, 465 (Mo. banc 2002).

The purpose of section 443.130 is to enforce the duty of the mortgagee to clear the mortgagor's title so that the record is no longer encumbered.[4] *Garr v. Countrywide Home Loans, Inc.*, 137 S.W.3d 457, 460 (Mo. banc 2004). Section 443.130 is directed toward financial institutions that *fail to release* the mortgagee's property. In those instances, the statute provides a strict penalty for failing to remove an encumbrance on a title. Because Wells Fargo cleared the Hubers' title prior to their request to release the property, it complied with the purpose of section 443.130. Under these circumstances Wells Fargo delivered to them a "sufficient" deed of release and the Hubers are not aggrieved parties as contemplated by the statute. Wells Fargo is not subject to a statutory penalty for failing to timely clear the title.[5]

### Conclusion

The judgment is affirmed.

STITH, C.J., TEITELMAN, LIMBAUGH, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and HOWARD, Sp.J., concur.

PRICE, J., not participating.

---

3. Section 443.130 has been revised effective August 28, 2004. See section 443.130, RSMo Supp.2007.

4. The pertinent portion of section 443.130 provides:

 1. If any such person, thus receiving satisfaction, does not, within fifteen business days after request and tender of costs, deliver to the person making satisfaction a sufficient deed of release, such person shall forfeit to the party aggrieved ten percent upon the amount of the security instrument, absolutely, and any other damages such person may be able to prove such person has sustained....

5. To the extent this Court stated in *Glass v. First Nat. Bank of St. Louis*, 191 S.W.3d 662, 667 (Mo. banc 2006), that recording the release within the statutory deadline does not excuse the obligation to provide a deed of release as required by section 443.130, that statement is *dicta*.