## U.S. NEUROSURGICAL, INC., Appellant,

### v.

## ST. LUKE'S CANCER INSTITUTE, L.L.C., Respondent.

### No. WD 71348.

Missouri Court of Appeals, Western District.

Sept. 21, 2010.

As Modified Nov. 2, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2010.

Application for Transfer Denied Jan. 25, 2011.

Richard E. McLeod, Esq., Kansas City, MO, for appellant.

Thomas W. Wagstaff, Esq., Kansas City, MO, for respondent.

Before Division One: LISA WHITE HARDWICK, Chief Judge, JAMES M. SMART, JR. and ALOK AHUJA, Judges.

LISA WHITE HARDWICK, Chief Judge.

This appeal arises from a summary judgment ruling that U.S. Neurological, Inc.'s ("USN") breach of contract claim against St. Luke's Hospital ("Hospital") is

barred by the four-year statute of limitations in Section 400.2A–506.[1] The sole issue on appeal is whether the circuit court applied the correct statute of limitations. USN contends that the contract between the parties was a service agreement, to which a ten-year statute of limitations applies, and not an equipment lease, to which the four-year limitations period applies. For reasons explained herein, we affirm the summary judgment applying the four-year limitations period.

FACTUAL AND PROCEDURAL HISTORY

The parties hereto became involved in a dispute when the Hospital allegedly failed to make payments to USN pursuant to a "Gamma Knife Neuroradiosurgery Equipment Agreement" ("Agreement"). The 1993 Agreement relates to the use of the Gamma Knife, a neurosurgical device that delivers high doses of radiation to targeted areas of the brain for treatment of vascular disorders and tumors. Pursuant to the Agreement, which has a twenty-one year duration, USN agreed to provide the Gamma Knife for use at Research Medical Center, a predecessor in interest to Hospital. The parties also entered into a "Ground Lease Agreement," which grants USN the use of the Hospital suite in which the Gamma Knife is located.

In May 2008, USN filed a Petition for Damages alleging that Hospital breached the payment terms of the Agreement. Hospital moved for summary judgment, asserting the petition was barred by the four-year statute of limitations for claims involving equipment leases under Section 400.2A–506[2] of the Uniform Commercial Code ("UCC"). USN filed a response, arguing that the Agreement between the parties is primarily a service contract governed by the ten-year statute of limitations in Section 516.110(1).[3] Both parties agreed that the elapsed time between the alleged breach of contract and the filing of this lawsuit was greater than four years and less than ten years.

In granting the summary judgment motion, the circuit court determined the Agreement was an equipment lease and applied the four-year statute of limitations to bar the breach of contract claim. The court explained:

[T]he court finds that the Equipment Agreement ("Agreement") and corresponding Ground Lease set forth a term certain in its duration of twenty-one (21) years. Furthermore, [Hospital] had exclusive authority to assign the Agreement to third parties and surrender dominion over the equipment without [USN's] consent or authority. [USN] however, did not share this right and could only assign with [Hospital's] written consent.

Finally, [Hospital's] employees had the exclusive right and authority to use the Gamma Knife Equipment as well as determine instances of use. [USN's] employees were permitted only to provide "ancillary and technical services required for the proper operation of the Gamma Knife Equipment." Therefore, based upon the foregoing analysis, the Court finds that the above-entitled action commenced within four years after the cause of action accrued."

---

1. All statutory citations are to the Revised Statutes of Missouri (2000) as updated by the Cumulative Supplement (2009), unless otherwise noted.

2. Section 400.2A–506 provides that "[a]n action for default under a lease contract, including breach of warranty or indemnity, must be

3. Section 516.110(1) provides that "[a]n action upon any writing, whether sealed or unsealed, for the payment of money or property;" shall be commenced within ten years.

tion is barred under Mo.Rev.Statute Section 400.2A–506(1).

USN appeals the summary judgment determination.

## STANDARD OF REVIEW

On appeal from the grant of summary judgment, we apply the same criteria as the circuit court, and our review is "essentially de novo." *Huber v. Wells Fargo Home Mortg., Inc.*, 248 S.W.3d 611, 613 (Mo. banc 2008). Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* Because the material facts are undisputed in this case, our analysis will focus on whether Hospital is entitled to judgment as a matter of law based on the statute of limitations.

## ANALYSIS

In its sole point on appeal, USN contends the circuit court erred in applying the statute of limitations under the UCC because the Agreement between the parties is predominately a service contract and not an equipment lease. Both parties acknowledge that if the Agreement is construed as an equipment lease, the four-year UCC statute of limitations, Section 400.2A–506, is applicable, and that period had run before USN filed this lawsuit. The parties also acknowledge that if the Agreement is construed as a service contract, the ten-year statute of limitations in Section 516.110(1) is applicable, and the lawsuit can proceed.

Under the UCC, "[a]n action for default under a lease contract, including breach of warranty or indemnity, must be commenced within four years after the cause of action accrued." § 400.2A–506(1). This provision in Section 2A of the UCC, which Missouri has adopted, applies "to any transaction, regardless of form, that creates a lease." § 400.2A–102. The term "lease" is defined as "a transfer of the right to possession and use of goods for a term in return for consideration[.]" § 400.2A–103(j).

◼ Hospital argues that the Agreement between the parties met all aspects of the UCC's definition of a lease, and, thus, the circuit court correctly applied the four-year statute of limitations to the breach of contract claim. Under the terms of the Agreement, USN transferred the right to possess and use the Gamma Knife to the Hospital, for a period of twenty-one years, in exchange for payment. Hospital has the exclusive authority to use the Gamma Knife and to determine instances of use. To maintain control over the usage of the equipment, Hospital provides a neurosurgeon, a radiation oncologist, and a nurse. USN only supplies a physicist, who works at the direction of the Hospital's neurosurgeon, to initiate operation of the equipment.[4] Section 9.04 of the Agreement prohibits USN from dealing with patients or providing any medical services other than those "specific ancillary and technical services required for proper operation of the Gamma Knife Equipment." In addition to the plain language of the terms of the Agreement, the title of the "Gamma Knife Neuroradiosurgery *Equipment Agreement*" (our emphasis) lends obvious support to Hospital's argument that it is a lease contract governed by the UCC.

---

4. A licensed physicist is required to initiate operation of the Gamma Knife equipment because it contains radioactive materials. Hospital's neurosurgeon would determine the dosage and nature of the treatment required for each patient and then direct the physicist to push the button to initiate operation of the knife.

USN argues that the Agreement is a hybrid or mixed contract for the lease of equipment and the provision of related services. With regard to such mixed contracts, "the test for whether the UCC applies is whether the predominant purpose of the contract is to render services with goods incidentally involved, or to transact a sale with labor incidentally involved." *Cent. Dist. Alarm, Inc. v. Hal–Tuc, Inc.*, 886 S.W.2d 210, 212 (Mo.App.1994).

USN asserts the predominant purpose of the Agreement was to provide a service to Hospital by treating patients with the Gamma Knife. USN relies on the following two provisions in the preamble to the Agreement:

> WHEREAS, under a separate Lease Agreement, dated December 29, 1993, Hospital has agreed to lease to [USN] certain real property for the purpose of constructing a facility for the delivery of *neuroradiosurgery services* to Hospital's patients and medical staff;
>
> . . . .
>
> WHEREAS, upon and subject to the terms and conditions of this Agreement, [USN] is willing to make exclusively available to Hospital's patients and medical staff *the services of the Gamma Knife Equipment.*

(emphasis added). USN points out that it leases the Hospital suite in which the Gamma Knife services are provided. USN also relies on Section 2.04 of the Agreement and related provisions, which obligate USN to provide a physicist and any other technical personnel to operate, maintain, and repair the Gamma Knife, and to provide training for physicians who use the equipment. Based on the assumption that the Agreement is primarily a service contract, USN argues that its breach of contract claim is governed by the ten-year statute of limitations in Section 516.110(1) provides for "[a]n action upon any writing, whether sealed or unsealed, for the payment of money or property."

We disagree that the provisions identified by USN reflect the predominant purpose of the Agreement. While there are certainly service components included in the Agreement, those services are aptly summarized in Section 9.04 as "ancillary and technical services required for proper operation of the knife." The Agreement expressly prohibits USN from dealing with patients or providing any medical services. Without the lease of the Gamma Knife to the Hospital for its exclusive use, there would be no service to the patients. Thus, under either the UCC definition or the predominant purpose test, we conclude that the Agreement is a lease of equipment and not a service contract.

Our conclusion is supported by key provisions in the Agreement that reinforce Hospital's right to possess and use the equipment. Section 1.02 grants Hospital the first right of refusal if USN opts to sell the Gamma Knife or related supplies. Section 9.05 permits Hospital to assign its equipment usage rights to certain third parties without USN's consent. Notably, USN does not have a similar right of assignment without Hospital's consent.

Section 4.0 of the Agreement provides that USN's sole compensation from Hospital is based on a percentage of the actual cash collected from "the use of the Gamma Knife Equipment and the Neuroradiosurgery Facility." This arrangement strongly indicates that the fundamental purpose of the contract is to permit Hospital's use of the equipment. If the Agreement was intended as a contract for services, it is likely that USN's compensation would have been based on the services rendered, taking into account the number of personnel it supplied and paid. *See Bonebrake v. Cox*, 499 F.2d 951, 959 (8th Cir.1974).

In light of the plain language of the "Gamma Knife Neuroradiosurgery Equipment Agreement" and the nature of the parties' working relationship, we find no error in the circuit court's determination that the Agreement is a lease for equipment. The lease is governed by the UCC, pursuant to which any action for default is subject to the four-year statute of limitations in Section 400–2A–506(1). USN admits that it failed to file the Petition for Damages within four years of Hospital's alleged default on the payment terms. Accordingly, USN's petition is barred by the statute of limitations, and Hospital is entitled to summary judgment as a matter of law.

### CONCLUSION

We affirm the circuit court's judgment.

ALL CONCUR.